IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| QUINT LAVERT EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 124-045 |
| | ) | |
| BRIAN CHAMBERS, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Johnson State Prison in Wrightsville, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** and this civil action be **CLOSED**.

I.   BACKGROUND

On May 5, 2022, Petitioner was convicted by a jury in the Superior Court of Richmond County, Georgia of aggravated assault, false imprisonment, criminal attempt to commit a felony, and three counts of child molestation. (Doc. no. 1, p. 1); see also Richmond County Clerk of Court Web Docket, ("Richmond County Docket") available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for

---

[1] The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption, including terminating listed Respondent State of Georgia because the only proper Respondent is Brian Chambers, the Warden at Johnson State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 cases.

"Evans, Quint," open 2018RCCR01554, last visited May 28, 2024.)[2] On August 12, 2022, the trial court sentenced Petitioner to thirty-nine years in prison. (Doc. no. 1, p. 1); see also Richmond County Docket. Petitioner notes he has filed a motion for new trial, and admits it is still pending. (See generally id.) Petitioner also concedes he filed a state habeas corpus petition that is still pending. (Doc. no. 1, p. 2, citing 2019RCHM-15); see also Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Civil Search" hyperlink; then search for "Evans, Quint," open 2019RCHM00015, last visited May 28, 2024.) Petitioner states he has not filed an appeal with the Georgia Court of Appeals, Georgia Supreme Court, or the United States Supreme Court. (Doc. no. 1, p. 3.)

Petitioner filed the instant federal habeas corpus petition on April 15, 2024, in which he argues irreparable harm due to: (1) subrogation, (2) lack of subject matter jurisdiction, (3) false imprisonment, (4) the separation of powers clause of the U.S. Constitution, and (5) mistake of fact. (Id. at 5-7.)

## II.   DISCUSSION

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have

---

[2] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

## B.     Petitioner Failed to Exhaust State Remedies

Petitioner admits his motion for new trial and state habeas petition remain pending. (See doc. no. 1); see also Richmond County Docket. Thus, Petitioner has not even completed his direct appellate nor his state habeas proceedings. It is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging his sentence or modifications to that sentence, resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972). [3]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

---

[3] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

There is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Allowing Petitioner to simultaneously pursue writs in both state court and federal court would clearly violate principles of comity. See Horowitz v. Wainwright, 709 F.2d 1403, at 1404 (11th Cir. 1983) (dismissing a § 2254 where the petitioner had appeal regarding the same claim ongoing in a Florida state court). In sum, Petitioner admits his motion for new trial and state habeas petition remain pending, therefore, his claims are not properly before this Court.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of May, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA